IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,275

STATE OF KANSAS,
*Appellee*,

v.

RONALD JOHNSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

A petition for postconviction DNA testing must allege the existence of biological material meeting the threshold requirements of K.S.A. 21-2512(a).

2.

If the State disputes the existence of biological material to be tested, the petitioner bears the burden of proving its existence.

Appeal from Wyandotte District Court; JENNIFER MYERS, judge. Submitted without oral argument January 30, 2025. Opinion filed May 23, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, was on the briefs for appellant.

No appearance by appellee.

The opinion of the court was delivered by

ROSEN, J.:  Ronald Johnson is serving a hard 50 life sentence for a premeditated murder conviction from 2003. This is his direct appeal from the district court's denial of his 2023 motion for postconviction DNA testing. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found Johnson guilty of killing Dorothy Griffin after officers found her stabbed to death in her home on November 26, 2001. This court affirmed the conviction and Johnson's hard 50 sentence in *State v. Johnson*, 284 Kan. 18, 19, 159 P.3d 161 (2007).

At his trial, witnesses testified to the following details relevant to this appeal: Johnson had been dating Griffin on and off. On the day of her murder, Johnson's niece saw Johnson put a knife inside of the Adidas jacket he was wearing. That evening, Johnson's sister gave Johnson a ride to Griffin's home and waited outside in her car while Johnson went inside. When Johnson returned to his sister's car, he and his Adidas jacket were covered in blood. His sister drove them back to her home. Griffin's son found her dead later that night. Officers eventually searched Johnson's sister's home and found an Adidas jacket in the sister's washing machine. The jacket, the washing machine, and the washing machine hose were tested for biological material. The hose contained a small amount of blood, but not enough to produce a DNA profile. Officers swabbed the inside of the sister's car for any biological material but found none.

On January 13, 2023, Johnson filed pro se a "motion for DNA retesting." The motion appeared to request the State "retest" the following pieces of evidence from the original investigation:  "[d]river's seat, panels, steering wheel along with back seats, panels and doors . . . , front passenger seat . . . , witness['] washing machine, hoes [*sic*], all clothes within, the witness['] apartment," and the "Adidas Coat." It alleged "updated technology" would prove Johnson did not kill the victim.

2

The State responded, arguing that the motion should be denied because Johnson had simply listed physical evidence instead of meeting his burden to set out biological material in the State's possession to be tested. It also argued that, even if the court were inclined to order retesting of the physical items, none of the items Johnson wanted tested were in the custody or control of law enforcement. It then listed the items the Kansas City Police Department had in its custody. Finally, the State responded that, even if it had the evidence Johnson wanted tested, Johnson had failed to show retesting would reveal different results.

In a "Traverse to State's response contesting DNA testing," Johnson requested all evidence previously tested be retested, all evidence not tested be tested, and all biological material be tested. Johnson also set forth a string of unrelated and meritless legal claims that are not repeated on appeal.

The State submitted a supplemental response largely stating it does not have any of the items Johnson requests for testing and argues Johnson has failed to show there are new technologies that would produce different results.

The district court appointed counsel for Johnson and held an evidentiary hearing. Johnson testified at the hearing and clarified that he wanted everything listed in his first motion and everything in the evidence list in the State's response tested or retested. The State told the court it did not have any of the physical items Johnson wanted tested and the only things it possessed that might contain biological material were a t-shirt and some biocuttings, but it did not know where the t-shirt or the biocuttings came from. It argued Johnson had failed to show there were new testing techniques that would provide more accurate results on those items even if they were relevant to his case.

The court denied Johnson's motion in a written journal entry. Johnson appeals. The State did not submit appellate briefing.

ANALYSIS

The district court denied Johnson's motion for postconviction DNA testing after an evidentiary hearing. Johnson argues this was an error.

Johnson accepts the district court's factual findings. He challenges only its legal conclusions, over which we perform unlimited review. *State v. Dailey*, 314 Kan. 276, 278, 497 P.3d 1153 (2021).

*Discussion*

K.S.A. 21-2512 governs postconviction motions for DNA testing. The relevant portions provide:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for murder in the first degree as defined by K.S.A. 21-3401, prior to its repeal, or K.S.A. 21-5402, and amendments thereto, or for rape as defined by K.S.A. 21-3502, prior to its repeal, or K.S.A. 21-5503, and amendments thereto, may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:

(1) Is related to the investigation or prosecution that resulted in the conviction;
(2) is in the actual or constructive possession of the state; and
(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results.

4

"(b)(1) The court shall notify the prosecuting attorney of a petition made under subsection (a) and shall afford the prosecuting attorney an opportunity to respond.

(2) Upon receiving notice of a petition made under subsection (a), the prosecuting attorney shall take such steps as are necessary to ensure that any remaining biological material that was secured in connection with the case is preserved pending the completion of proceedings under this section.

"(c) The court shall order DNA testing pursuant to a petition made under subsection (a) upon a determination that testing may produce noncumulative, exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced."

We have explained these provisions establish a three-step process. Step one requires the petition to sufficiently "allege that biological material exists and satisfies the threshold requirements for testing under K.S.A. 2021 Supp. 21-2512(a)." *State v. Angelo*, 316 Kan. 438, 455, 518 P.3d 27 (2022). In step two, the State "must preserve any remaining biological material that it previously 'secured in connection with the case' and identify such biological material in its response." *Angelo*, 316 Kan. at 455. At step three, "[i]f the parties agree such biological material exists, then they can proceed to argue whether testing will produce noncumulative, exculpatory evidence compelling the district court to order testing under K.S.A. 2021 Supp. 21-2512(c)." 316 Kan. at 455. But if they disagree, "then they can present evidence to the district court for appropriate fact-finding. In that situation, the petitioner, as the proponent of DNA testing, bears the burden to prove the existence of such biological material." 316 Kan. at 455. The court will make findings on whether that material exists and, if it does, will decide whether testing may produce noncumulative, exculpatory evidence. See *Angelo*, 316 Kan. at 469 (remanding for district court to make findings on whether alleged biological materials meeting threshold requirements exist before deciding whether testing on existing materials might be noncumulative and exculpatory).

*Step 1: Johnson's petition sufficiently stated a claim for postconviction DNA testing of only the washing machine hose.*

At step one, this court "analyze[s] the sufficiency of the allegations" in a petition. *Angelo*, 316 Kan. at 455. The petition must "generally allege that the 'evidence' is related to the investigation, is in the possession of the State, and has not been tested previously or is eligible for retesting." 316 Kan. at 456. When a petition "requests testing of [] physical evidence, it must also contain allegations sufficient to establish that biological material is present on that physical evidence." 316 Kan. at 456.

Johnson's petition requested testing of physical items only. Specifically, he wanted tested a "[d]river's seat, panels, steering wheel along with back seats, panels and doors . . . , front passenger seat . . . , witness['] washing machine, hoes [*sic*], all clothes within, the witness['] apartment," and the "Adidas Coat."

The petition is sufficient to request testing of only the washing machine hose. Johnson alleges this was tested in the original investigation and contained blood with inconclusive DNA results. He argues "updated technology" could prove his innocence. Because the pleading requirement under K.S.A. 21-2512(a) "is not rigorous," *Angelo*, 316 Kan. at 456, and we construe pro se petitions liberally, this was enough to state a claim for postconviction DNA testing of the washing machine hose. See *Angelo*, 316 Kan. at 457 (construing pro se motion liberally).

But Johnsons' pleadings were insufficient to state a claim for testing on any other items. He requested testing on parts of his sister's car. Regarding that request, Johnson wrote, "Drivers seat, panels, steering wheel along with back seats, panels and doors were tested, but results withheld. . . . DNA testing was done on the front passenger seat where witness alleged I sat fully covered in blood. No blood was found where its alleged I sat." This fails to allege there is any biological material on the car parts, and we have been

clear that "[e]ligible petitioners may request DNA testing of biological material only. [K.S.A. 21-2512](a) does not contemplate or provide for testing of other physical evidence to determine whether biological material is present." *Angelo*, 316 Kan. at 452. Johnson's petition indicates previous testing revealed an absence of biological material in the car. This is insufficient to allege the State possesses biological material that may be tested for DNA.

In his appellate briefing, Johnson argues any holding that the petition did not allege biological material on the car parts "is in error because the biological material that he is alleging to [be] present (or absent) is blood."

But Johnson's petition alleges only the *absence* of blood in the car, not the presence. And while allegations that testing will reveal the absence of the petitioner's DNA on biological material can sometimes meet the threshold requirements of K.S.A. 21-2512(a), nothing in the statute, this court's caselaw, or Johnson's briefing indicates allegations that testing will reveal the absence of biological material entirely meets those requirements. See, e.g., *Angelo*, 316 Kan. at 456-57 (holding petition seeking testing of presumed biological material on victim's shirt to show absence of defendant's DNA was sufficient). The petition was insufficient to warrant testing on the car parts.

The petition also requested testing on the Adidas coat, explaining that "the 11-year-old witness stated she seen me put a knife into my inside pocket of the Adidas coat, and at trial the Adidas coat was proven to not have a inside pocket." At the hearing, Johnson clarified that he wanted the Adidas coat tested to show an absence of "transfer evidence" to disprove the witness' account. Again, this fails to indicate there is biological material to be tested.

The petition was also insufficient to warrant testing on the washing machine or the clothes inside of it. The petition claimed these items were tested, along with the washing

7

machine hose, but blood was found only in the hose. This fails to allege there is biological material on the clothes or the washing machine and, in fact, suggests there was none.

Although it is unclear, Johnson's petition appears to request testing on all the clothes in a witness' house. Again, this is insufficient because it does not allege any biological material is present. This court has explained K.S.A. 21-2512 "cannot be read to impose a duty on the State to call its crime scene investigators back in to examine or re-examine the physical evidence and determine whether any of those items contain biological material that the prosecution had not previously 'secured.'" *Angelo*, 316 Kan. at 453-54.

In his "traverse," Johnson requests testing on all evidence previously tested, all evidence not previously tested, and all biological material in the State's possession.

Again, the request for testing on all evidence tested or previously tested is insufficient because it fails to allege there is biological material on the evidence to be tested. And Johnson's request for testing any biological material that the State has in its possession is insufficient to meet the threshold requirements of K.S.A. 21-2512(a)(2) and (3) because it fails to point out the relevance of the biological material or whether it has been tested before or can be subject to new testing.

In sum, Johnson's petition states a claim for postconviction DNA testing on the washing machine hose only.

*Step 2: The State disputed it had possession of most of the items Johnson wanted tested.*

At step two, the State has an opportunity to respond to the petition and agree or dispute that it has possession of the items the petitioner wants tested. The State did so

here, submitting a list of the evidence it had remaining in law enforcement custody and arguing "[i]t appears none of the physical items the Defendant wants to be retested are in the custody of the police." In a supplemental response it confirmed each of the specific physical items Johnson wanted tested was not in the State's custody.

On appeal, Johnson argues the State failed to follow proper procedure because it did not "identify the biological material it previously secured in connection with the case," and instead "identified what was left in the Kansas City Police Department's custody." Consequently, Johnson argues, "the case should be reversed and remanded for a hearing in accord with the procedure in *Angelo* so the State can identify all the biological material that was previously secured."

We decline to address Johnson's argument because he failed to present it in the district court and has not explained why we should consider it for the first time on appeal. See *State v. Ochoa-Lara*, 312 Kan. 446, 448, 476 P.3d 791 (2020) (Supreme Court Rule requires appellant to show where issue was raised and ruled on below or explain why new issue is properly before court).

*Step 3: Johnson fails to show the district court erred in finding the State does not possess the washing machine hose.*

"Once the pleadings have been filed, the parties will either agree or dispute that biological material satisfying the threshold requirements for testing under K.S.A. 2021 Supp. 21-2512(a) exists." *Angelo*, 316 Kan. at 450. If they "dispute the existence of such biological material, then they can present evidence to the district court for appropriate fact-finding. In that situation, the petitioner, as the proponent of DNA testing, bears the burden to prove the existence of such biological material." 316 Kan. at 455.

Because the parties disputed the existence of biological material meeting the threshold requirements of the statute, the district court held an evidentiary hearing. Johnson testified and his attorney and the State offered arguments.

The district court found Johnson had failed to show the State had in its possession any "evidence related to a washing machine or hose."

Johnson does not contend this is an erroneous factual finding based on the evidence before the court. Instead, he argues the case should be remanded so the State can obtain evidence from the KBI to support its position that it does not have the items Johnson wanted tested. In essence, Johnson argues the district court erred when it did not require the State to prove it did not have the items Johnson wanted tested.

Johnson points to no supporting authority, and the caselaw contradicts his position. *Angelo* explained that the State need only agree with or dispute the petitioner's contention that it possesses requested material. If the State disputes the contention, this triggers the petitioner's "burden to prove up [their] allegation." *Angelo*, 316 Kan. at 458.

The State's response here disputed Johnson's allegation that it had the material he wanted tested. If Johnson believed the State was wrong because the KBI had some of the evidence, he had the opportunity at the hearing to call witnesses or submit evidence to establish that fact. See, e.g., *State v. Harris*, 318 Kan. 926, 927, 550 P.3d 311 (2024) (when State disputed it had possession of items petitioner wanted tested, petitioner called as witnesses "various individuals who had or might have had custodial responsibilities for the missing weight").

Johnson argues if the State does not possess the items he wants tested, this violates his right to due process. He requests the case be remanded for a hearing on this due process claim. His argument is unpreserved because he did not argue it below and has not

10

explained why this court should consider it for the first time on appeal. See *State v. Thach*, 305 Kan. 72, 81, 378 P.3d 522 (2016). Even if we reached his argument, it would not prevail. A majority of this court has ruled K.S.A. 21-2512 does not provide a vehicle to bring such a claim. See *Harris*, 318 Kan. at 930 (a defendant might be able to bring a constitutional spoliation claim through a K.S.A. 60-1507 motion, but not through K.S.A. 21-2512).

In sum, Johnson's petition for postconviction DNA testing sufficiently stated a claim for relief of only the washing machine hose. The district court found Johnson failed to prove the State had the hose in its possession, and Johnson's arguments do not establish this was error. We affirm the district court's decision denying the petition.

Affirmed.